## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| RUSSELL FRIEND, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | CASE NO. 4:17-cv-29-JVB-PRC |
| | ) | |
| TAYLOR LAW, PLLC, | ) | **AMENDED COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

Plaintiff RUSSELL FRIEND ("Plaintiff" or "Mr. Friend"), pursuant to Fed. R. Civ. P. 15(a), as and for his Amended Complaint against Defendant TAYLOR LAW, PLLC ("Defendant" or "Taylor Law") respectfully alleges upon information and belief as follows:

### I.   INTRODUCTION

1. This is a case about a man who has been harassed by multiple phone calls and voicemails. Mr. Friend has been subjected to systematic abuse where the Defendant has neglected Mr. Friend's request to be left alone.

2. This is a civil action seeking preliminary and permanent injunctive relief under Fed. R. Civ. P. 65, declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and actual damages, statutory damages, attorneys' fees, and costs, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

4. The FDCPA applies to the collection of debt(s) incurred by a consumer primarily for personal, family, or household purposes.

1

5. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

## II. JURISDICTION

6. This action is to enforce liability created by the FDCPA.

7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

8. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3).

9. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

10. Jurisdiction of this court arises under 28 U.S.C. § 1337.

11. Declaratory relief is available in this Court pursuant to 28 U.S.C. §§ 2201-2202.

## III. VENUE

12. Taylor Law regularly transacts business in this judicial district.

13. Taylor Law is subject to the personal jurisdiction of this Court.

14. Taylor Law resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

15. Venue in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

16. A substantial part of the events giving rise to this claim occurred in this judicial district.

17. Venue in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff RUSSELL FRIEND ("Mr. Friend")

18. Mr. Friend is a natural person.

19. Mr. Friend is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692(a)(5).

20. Mr. Friend is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2

21. Mr. Friend allegedly incurred a debt with Citibank South Dakota, N.A. ("CitiBank").

**Defendant TAYLOR LAW, PLLC ("Taylor Law")**

22. Taylor Law is a limited liability company organized and existing under the laws of the State of Kentucky.

23. Taylor Law is registered with the Kentucky Secretary of State under Organization Number: 0862864.

24. Taylor Law's principal place of business is located at 10172 Linn Station Road, Suite 400, Louisville, Kentucky 40223.

25. Taylor Law's registered agent for service of process is Michael Brodarick, 10172 Linn Station Road, Suite 400, Louisville, Kentucky 40223.

26. Taylor Law's employees are agents acting on its behalf.

27. At all times relevant to this action, Taylor Law employees were agents acting on its behalf.

28. Taylor Law is a law firm that, among other matters, contacts consumers in an attempt to collect consumer debt.

29. Taylor Law attempts to collect debts on behalf of CACH, LLC.

30. Taylor Law maintains a website at http://taylorlaw-pllc.com

31. Taylor Law is engaged in the business of collecting debt within multiple states.

32. Taylor Law is engaged in the business of collecting debt within the State of Indiana.

33. Taylor Law is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

34. Taylor Law regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

35. Taylor Law is engaged in the collection of debts from consumers using the mail.

36. Taylor Law is engaged in the collection of debts from consumers using the telephone.

37. Taylor Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V.     FACTUAL ALLEGATIONS

38. Taylor Law attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

39. On or about July 21, 2016, Mr. Friend mailed a signed letter (the "Letter") to Taylor Law via United States Postal Service mail under tracking number 7016 0910 0000 1798 8498.

40. The Letter referenced Taylor Law's file number for Mr. Friend.

41. The Letter stated Mr. Friend disputed the debt and requested verification.

42. The Letter demanded that Taylor Law immediately cease all further communication other than the following:

    a.   Notification of receipt of the Letter;

    b.   Notification of the results of your verification; and

    c.   Notification of any legal action taken by Taylor Law against Mr. Friend.

43. Taylor Law received the Letter on July 25, 2016.

44. After receipt of the Letter, Taylor Law continued to contact Mr. Friend in an attempt to collect the aforementioned debt.

45. Taylor Law, through one or more of its employees, attempted to contact Mr. Friend more than a dozen times after receiving the Letter.

46. Taylor Law's employee, Lindsey Cook, left multiple voicemails on Mr. Friend's phone after Defendant received the Letter.

4

47. At all relevant times in this action, Taylor Law employees were acting as agents on behalf of Taylor Law.

48. Taylor Law uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

49. Taylor Law, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

50. Taylor Law, through its representation of CACH, LLC, sued Plaintiff on November 17, 2016, through Cause No. 79D01-1611-CC-000991 in Tippecanoe County Superior Court.

51. Taylor Law attempted to collect a debt that Plaintiff did not owe.

52. Taylor Law falsely represented the character, amount, or legal status of a debt.

53. Taylor Law falsely represented the amount of a debt.

54. Taylor Law falsely represented the legal status of a debt.

55. Taylor Law attempted to collect an alleged debt that was incurred for personal, family, or household use.

56. Taylor Law attempted to collect a debt that was incurred for personal use.

57. Taylor Law made one or more false representations to obtain information concerning Plaintiff.

58. Taylor Law attempted to collect an amount of money from Mr. Friend that is not expressly authorized by an agreement creating the debt.

59. Taylor Law attempted to collect an amount of money from Plaintiff that is not permitted by law.

60. Taylor Law's contacts with Mr. Friend caused him anxiety, loss of sleep, and stress.

### VI. COUNT I – VIOLATION OF 15 U.S.C. 1692c(c).

61. Mr. Friend incorporates herein by reference all of the foregoing paragraphs in full herein.

62. Taylor Law violated the FDCPA by failing to cease communication with Mr. Friend.

### VII. COUNT II – VIOLATION OF 15 U.S.C. 1692f(1)

63. Mr. Friend incorporates herein by reference all of the foregoing paragraphs in full herein.

64. Taylor Law violated the FDCPA because it attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

### VIII. COUNT III – VIOLATION OF 15 U.S.C. 1692e

65. Mr. Friend incorporates herein by reference all of the foregoing paragraphs in full herein.

66. Taylor Law violated the FDCPA because it filed a lawsuit against Mr. Friend that requested relief that was not permitted by law or valid agreement.

67. Taylor Law falsely represented the amount of debt Mr. Friend owed Cach LLC.

### IX. COUNT IV – VIOLATION OF 15 U.S.C. 1692g

68. Mr. Friend incorporates herein by reference all of the foregoing paragraphs in full herein.

69. Taylor Law violated the FDCPA because it failed to, within five (5) days after the initial communication with Mr. Friend in connection with the collection of any debt, send Mr. Friend a written notice containing:
    a. The amount of the debt;
    b. The name of the creditor to whom the debt is owed;
    c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    d. A statement that if the consumer notifies the debt collector in writing within the

    thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or

    e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Friend.

### X. COUNT V – VIOLATION OF 47 U.S.C. § 227

71. Mr. Friend incorporates herein by reference all of the foregoing paragraphs in full herein.

72. Taylor Law used an automatic telephone dialing system as defined by 47 U.S.C. §227(a).

73. Taylor Law uses a telephone dialing system that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and has the capacity to dial such numbers.

74. Taylor Law has an automatic telephone dialing system that has the capacity to store or produce telephone numbers to be called.

75. Taylor Law uses a telephone dialing system that has the capacity to dial.

76. Taylor Law has made numerous calls by illegal pre-recorded messages.

77. At the time Taylor Law made calls to Mr. Friend, Taylor Law was using a telephone dialing system that had the present capacity to store or produce and call numbers from a number generator.

78. Taylor Law made unauthorized calls to Mr. Friend using an automatic telephone dialing

system that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and such system has the capacity to dial such numbers.

79. Taylor Law left unauthorized prerecorded messages to Mr. Friend's cellular phone.

80. Taylor Law uses a software/hardware system that permits it to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Dialer".

81. It is a practice of Taylor Law to use an Automatic Dialer.

82. Using an Automatic Dialer, Taylor Law placed a call to Mr. Friend.

83. The number dialed by the Automatic Dialer corresponds with the telephone number of Mr. Friend's cellular telephone.

84. The area code corresponding to Mr. Friend's cellular telephone is (931).

85. Taylor Law could have determined that the telephone number that was being dialed to contact Mr. Friend was a cellular telephone number. See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. See also DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. See http://www.tcpacompliance.com/.").

86. On or about December 6, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

87. On or about November 23, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

88. On or about November 4, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

89. On or about October 25, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

90. On or about October 24, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

91. On or about September 27, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

92. On or about September 21, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

93. On or about September 14, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

94. On or about March 25, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

95. On or about March 31, 2015, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

96. On or about April 2, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

97. On or about April 6, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

98. On or about April 15, 2015, Taylor Law called Mr. Friend using an Automatic Dialer or

pre-recorded message.

99. On or about April 15, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

100. On or about May 5, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

101. On or about May 21, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

102. On or about June 19, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

103. On or about August 20, 2015, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

104. On or about October 15, 2015, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

105. On or about April 26, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

106. On or about April 27, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

107. On or about May 4, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

108. On or about May 11, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

109. On or about May 16, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

110. On or about May 19, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

111. On or about May 23, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

112. On or about May 31, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

113. On or about June 13, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

114. On or about June 20, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

115. On or about June 22, 2016, Taylor Law called Mr. Friend using an Automatic Dialer or pre-recorded message.

116. Again, on or about June 22, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

117. On or about July 12, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

118. On or about July 19, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

119. On or about July 26, 2016, Taylor Law left a voice message for Mr. Friend using an Automatic Dialer or pre-recorded message.

120. The voice messages that were left for Mr. Friend were pre-recorded, not a live person speaking in real time.

121. The phone number(s) Taylor Law used to contact Defendant are telephone phone

11

numbers operated by Taylor Law.

122. Taylor Law obtained Mr. Friend's telephone number from a third party, not Mr. Friend.

123. The messages left for Mr. Friend by Taylor Law from April 15, 2014 to December 6, 2016, were attempts to collect a debt that was in default.

124. Taylor Law's voice message to Plaintiff was a "communication" within the meaning of 15 U.S.C. § 1692.

125. The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA § 227(b)(A)(iii).

126. Taylor Law made a telephone call to Mr. Friend's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

127. Taylor Law is a member of the ACA International, the Association of Credit and Collections Professionals ("ACA").

128. The complained of conduct was willful.

129. In the alternative, the complained of conduct was negligent.

## XI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff RUSSELL FRIEND respectfully requests that this Honorable Court enter judgment in favor of Plaintiff RUSSELL FRIEND and against Defendant TAYLOR LAW, PLLC as follows:

A. Declaratory judgment that Defendant TAYLOR LAW, PLLC violated the FDCPA;

B. A preliminary injunction order enjoining Defendant TAYLOR LAW, PLLC from contacting Plaintiff RUSSELL FRIEND and from attempting to collect any alleged debt(s) from Plaintiff RUSSELL FRIEND during the pendency of this action;

C. A permanent injunction order enjoining Defendant TAYLOR LAW, PLLC from contacting Plaintiff RUSSELL FRIEND and from attempting to collect any alleged debt(s) from Plaintiff RUSSELL FRIEND;

D. Actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at trial or judgment otherwise;

E. Actual and statutory damages according to proof at trial pursuant to 47 U.S.C. § 227(b)(3).

F. $1,000,00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

G. Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

H. For all such other and further relief as the Court may deem just and proper.

## XI.   JURY DEMAND

Mr. Friend, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Respectfully submitted,

Dated: Lafayette, Indiana
May 15, 2017

s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff Russell Friend*

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties who have appeared in this action using CM/ECF and upon Taylor Law by U.S.P.S. mail.

Dated: Lafayette, Indiana           s/ *Duran L. Keller*
May 15, 2017                                Duran L. Keller, Esq. (#31743-79)