# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSSELL FRIEND, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>TAYLOR LAW, PLLC, )<br>      Defendant. ) | CAUSE NO.: 4:17-CV-29-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend Answer to Plaintiff's Amended Complaint [DE 17], filed by Defendant Taylor Law, PLLC on November 17, 2017. Plaintiff Russell Friend filed a response in December 1, 2017, and Defendant filed a reply on December 8, 2017.

## BACKGROUND

On April 14, 2017, Plaintiff filed this lawsuit seeking a preliminary injunction and permanent injunctive relief, a declaratory judgment, actual damages, statutory damages, attorney fees, and costs for violations of the Fair Debt Collection Practices Act. On May 15, 2017, Plaintiff amended his complaint to add a claim under the Telephone Consumer Protection Act. Defendant filed an Answer on June 21, 2017.

On July 20, 2017, the Court held a telephonic preliminary pretrial conference, setting the deadline of September 22, 2017, to file any motion to amend the pleadings.

On November 15, 2017, Plaintiff's counsel emailed a copy of Plaintiff's discovery responses to Defendant's counsel. Having reviewed those discovery responses, Defendant now seeks leave of Court, pursuant to Federal Rule of Civil Procedure 15, to amend its Answer to include applicable affirmative defenses.

**ANALYSIS**

Defendant attached to the instant motion a copy of the proposed Amended Answer as required by Local Rule 15-1(a). However, the motion itself does not identify the amendments or argue why they should be permitted. A comparison of the June 21, 2017 Answer and the proposed Amended Answer demonstrate that the proposed amendments are the following four affirmative defenses:

> 1. Plaintiff has failed to state a claim upon which relief can be granted.
>
> 2. Plaintiff's claims may be barred by the statute of limitations.
>
> 3. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
>
> 4. Plaintiff failed to mitigate any damages which he may have suffered.

(ECF 17-1, p. 20). Plaintiff objects to the motion on several grounds. In its reply brief, Defendant withdraws the proposed first affirmative defense, and, on this basis, the Court denies the Motion to Amend as to the proposed first affirmative defense. The Court considers in turn each of Plaintiff's arguments in relation to the remaining three affirmative defenses.

First, Plaintiff argues that Defendant has failed to show excusable neglect under Federal Rule of Civil Procedure 6(b) for filing the motion after the September 22, 2017 deadline, and has failed to show good cause for modifying the Court's scheduling order under Federal Rule of Civil Procedure 16(b). Because the Court-ordered deadline for seeking leave to amend pleadings has expired, whether to allow the proposed amendment is evaluated under Federal Rule of Civil Procedure 16(b). *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for

good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark*, 424 F.3d at 553.

Defendant did not explicitly address this standard in its Motion to Amend. And, although Defendant's motion states that Defendant is seeking leave to file the amended pleading based on a review of Plaintiff's November 15, 2017 discovery responses, the motion neither identifies the proposed amendments or what newly obtained information in Plaintiff's discovery responses prompted each proposed amendment. Plaintiff argues that nothing in its discovery responses gives rise for the first time to Defendant's proposed affirmative defenses. In its reply brief, Defendant identifies information learned through discovery only as to the second affirmative defense. The Court finds that Defendant has shown good cause for seeking leave to assert the proposed second affirmative defense but has failed to show good cause for extending the deadline to assert the proposed third and fourth affirmative defenses. Accordingly, the Court grants the Motion to Amend as to the proposed second affirmative defense and denies the Motion to Amend as to the proposed third and fourth affirmative defenses.

Second, Plaintiff argues that he will be unduly prejudiced by the filing of an amended answer because Plaintiff will incur significant time and cost to investigate the newly raised affirmative defenses. Plaintiff argues that the delay was within Defendant's control, and Plaintiff should not have to bear the burden of the delay. Given the early stage of the proceedings and the April 30, 2018 discovery deadline, the Court finds that this is not a basis for denying the motion as to the proposed second affirmative defense.

Third, Plaintiff argues that Defendant failed to comply with Northern District of Indiana Local Rule 6-1, which requires that a party seeking to extend a deadline must confer with opposing

counsel to determine whether opposing counsel agrees to the motion and then make an appropriate representation in the motion regarding the agreement or lack thereof. *See* N.D. Ind. L.R. 6-1(a). Plaintiff is correct that Defendant made no such representation and apparently did not confer with opposing counsel prior to filing the instant motion. On the one hand, the lack of conferral makes sense given that Defendant has not actually filed a motion for an extension of the deadline. On the other hand, Defendant should have sought an extension of the deadline and, thus, should have conferred with opposing counsel. Under the circumstances, the Court finds that this failure to confer is not a basis for denial of the instant motion as to the proposed second affirmative defense.

Fourth, Plaintiff argues that the amendment would be futile. Federal Rule of Civil Procedure 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended pleading in the absence of any apparent or declared reasons, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Musa v. Comm'r of Internal Revenue*, 854 F.3d 834, 938 (7th Cir. 2017) (quoting *Life Plans, Inc. v. Sec. Life of Denver Ins.*, 800 F.3d 343, 358 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI*

4

*Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Plaintiff argues that affirmative defenses should be analyzed under the plausibility standard articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). However, the Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This Court continues to agree with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Husainy v. Allied Collection Serv., Inc.*, No. 4:15-CV-95, 2016 WL 1604824, at *1-3 (N.D. Ind. Apr. 22, 2016); *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95, 2012 WL 266968, at * (N.D. Ind. Jan. 30, 2012) (providing extensive discussion of the issue and citing supporting cases); *see also Bielfeldt v. Bouraazak*, No. 1:15-CV-01419, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016).

The second proposed affirmative defense provides: "2. Plaintiff's claims may be barred by the statute of limitations." "Statue of limitations" is an affirmative defense specifically listed in Federal Rule of Civil Procedure 8(c). Fed. R. Civ. P. 8(c). In its response brief, Defendant identifies the newly learned information in Plaintiff's discovery responses that prompt the pleading of this affirmative defense. The Court grants the Motion to Amend as to the proposed second affirmative defense.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion for Leave to Amend Answer to Plaintiff's Amended Complaint [DE 17] and **ORDERS**

Defendant, on or before **December 15, 2017**, to **FILE** the Amended Answer to add the proposed second affirmative defense only.

So ORDERED this 11th day of December, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT