UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSSELL FRIEND,    Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 4:17-CV-29-JVB-JPK ) |
| TAYLOR LAW, PLLC,    Defendant. | ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [DE 69] and on Defendant's Motion to Dismiss Plaintiff's Count I of His Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [DE 70], both of which were filed on June 10, 2021. Plaintiff Russell Friend filed a response to the motion to dismiss on August 3, 2021, and Defendant Taylor Law, PLLC filed a reply on August 10, 2021.

**PROCEDURAL BACKGROUND**

Friend initiated this cause of action on April 14, 2017, by filing a Complaint, in which he alleged that Taylor Law violated the Fair Debt Collection Practices Act (FDCPA). An Amended Complaint followed on May 15, 2017, adding allegations of a violation of the Telephone Consumer Protection Act (TCPA).

Friend alleges that he sent a letter to Taylor Law demanding that Taylor Law cease communication with Friend other than a few specific excepted communications, after receipt of which Taylor Law continued to make unexcepted communications. Taylor Law also sued Friend to collect a debt Friend did not owe, making false representations in the process and causing Friend to have anxiety, stress, and loss of sleep.

Friend alleges that Taylor Law violated 15 U.S.C. § 1692c(c) by contacting Friend after he sent Taylor Law a written demand not to contact him (Count I), 15 U.S.C. § 1692f(1) by attempting to collect a debt from Friend that Friend did not owe (Count II), 15 U.S.C. § 1692e by suing Friend to collect a debt that Friend did not owe (Count III), 15 U.S.C. § 1692g by failing to provide the written notice required when a debt collector begins to collect a debt (Count IV), and 47 U.S.C. § 227 by calling Friend with an automatic telephone dialing service or pre-recorded voice (Count V).

On December 18, 2020, the Court issued an Opinion and Order granting summary judgment in favor of Friend as to Count I, granting summary judgment in favor of Taylor Law as to Counts II, III, and IV, and denying summary judgment as to Count V. The Court first found in favor of Friend on Count I and then found that Friend conceded to not being entitled to recovery on Count II (due to recovering on Count I) and that Friend abandoned his claims in Counts II, III, and IV. Finally, the Court found that a genuine issue of material fact existed concerning whether Taylor Law used an automatic telephone dialing service.

On June 1, 2021, Taylor Law filed the instant motion for reconsideration as to the denial of summary judgment on Count V, arguing that recent Supreme Court jurisprudence resolves the merits of that count. On the same day, Taylor Law also filed the instant motion to dismiss, arguing that Friend does not have Article III standing for his Count I claim. Friend filed a response to the motion to dismiss but not to the motion for reconsideration. Taylor Law replied to the response.

## ANALYSIS

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from an order for any reason that justifies relief. Here, the Court denied Taylor Law's request for summary

judgment on Count V, but new jurisprudence from the Supreme Court of the United States counsels that summary judgment should have been granted. This is a basis for granting reconsideration. *See Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In Count V, Friend alleged that Taylor Law violated the TCPA, 47 U.S.C. § 227(b), by calling him with an automatic dialing system. The relevant provision prohibits calls made with "any automatic telephone dialing system" to a "cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1). An automated telephone dialing system is one that can "store or produce telephone numbers to be called, using a random or sequential number generator." § 227(a)(1).

The Supreme Court, in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), held that "using a random or sequential number generator" modified "store" in addition to "produce." *Id.* at 1167. That is, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.*

Taylor Law has submitted a declaration by Laurence Siegel, Executive Vice President of Product Development for LiveVox, Inc. In the declaration, Siegel declared under penalty of perjury that none of LiveVox's systems has ever had the capacity to use a random or sequential number generator to either store telephone numbers or produce telephone numbers to be called. (Siegel Decl. ¶ 5, ECF No. 69-2). Friend has not challenged Siegel's declaration or presented any new evidence on the issue. When the Court initially decided the issue, the evidence was the deposition testimony of Taylor Law's Rule 30(b)(6) representative, who testified to not knowing much about the LiveVox system and to not knowing whether the calls to Friend were made using

an automatic telephone dialing system, although he stated "I think the answer's no." (Alphin Dep. 173:11, ECF No. 42-4); *see also* (Op. & Order 10-11, ECF No. 62).

Accordingly, in light of the *Facebook, Inc. v. Duguid* decision, Siegel's declaration, and the lack of response by Friend, the Court finds reconsideration to be proper and, on reconsideration, determines that no genuine issue of material fact exists as to whether Taylor Law used an automatic telephone dialing system as that term is defined in 47 U.S.C. § 277 and, thus, that Taylor Law is entitled to judgment as a matter of law on Count V. The Court grants the motion to reconsider.

### B. Motion to Dismiss

Taylor Law argues that Count I should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing. For Article III standing to be present, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

Injury in fact must be concrete and particularized; the former means the injury is real, not abstract (though a risk of harm can be concrete), and the latter means the injury must affect the plaintiff in a personal and individual way. *Pennell v. Global Trust Mgmt, LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021).

> As the litigation progresses, the way in which the plaintiff demonstrates standing changes. Initially, a plaintiff may demonstrate standing by clearly pleading allegations that plausibly suggest each element of standing when all reasonable inferences are drawn in the plaintiff's favor. But if a plaintiff's standing is questioned as a factual matter—for example, in a motion to dismiss under Rule 12(b)(1)—the plaintiff must supply proof, by a preponderance of the evidence or to a reasonable probability, that standing exists. Once the action reaches the summary-judgment stage, the plaintiff must demonstrate standing by setting forth by affidavit or other evidence specific facts that, taken as true, support each element of standing. Finally, if those facts are later controverted, the plaintiff must adequately support them with evidence adduced at trial.

*Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citations, quotation marks, and alteration marks omitted). Here, the case is at the summary judgment stage, and "[t]he standard for demonstrating the jurisdictional facts at summary judgment is whether the plaintiffs have supplied evidence of 'specific facts' that, taken as true, show each element of standing." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

In Count I, Friend alleged that Taylor Law continued to contact him after Friend's demand to stop, in violation of 15 U.S.C. § 1692c(c). In ruling on summary judgment, the Court found that a question of fact remained for the jury regarding phone calls made to Friend but also found that no genuine issue of material fact remained and Friend was entitled to summary judgment as a matter of law on Count I due to a letter sent to him by Taylor Law. Taylor Law would have the Court consider only whether Friend has standing regarding the letter, but that position is incorrect. If Friend does not have standing regarding the letter, then summary judgment in Friend's favor on Count I would not be appropriate, but whether the phone calls violated the FDCPA as alleged in Count I would be an issue for trial, provided Friend has standing regarding the phone calls. However, as the Court discusses below, Friend has standing regarding the letter so the Court will not disturb the judgment entered in Friend's favor on Count I.

Friend alleged that Taylor Law's contacts with Friend "caused him anxiety, loss of sleep, and stress." (Am. Compl. ¶ 60, ECF No. 6). However, at this post-summary-judgment stage of litigation, the Court looks beyond the allegations because even if the Amended Complaint "omitted essential jurisdictional allegations, but evidence later demonstrates that the court has jurisdiction, the deficiency in the complaint is not fatal." *Spuhler*, 983 F.3d at 285 (quoting *Casio,*

*Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985); citing Fed. R. Civ. P. 15(a)(2)) (quotation marks omitted).[1]

By affidavit, Friend has produced evidence that Taylor Law's communications with Friend "often times" caused him to lose focus and get a headache or migraine. (Friend Aff. ¶ 11, ECF No. 93-1). He also found himself unable to sleep on many nights due to the stress caused by "dealing with Taylor Law." *Id.* ¶ 12. Friend's muscle relaxer medication was increased after Friend became more tense when dealing with Taylor Law. *Id.* ¶ 14; *see also* (Friend Dep. 113:2-9, ECF No. 71-1).

Taylor Law contends that Friend must show that he took a detrimental step as a result of the alleged actions that violate the FDCPA. However, the case cited for this proposition, *Pennell*, merely holds that a detrimental step is required for *confusion* to be a concrete injury. 990 F.3 at 1045. ("For the alleged injury to be concrete, a plaintiff must have acted 'to her detriment, *on that confusion*.'" (quoting *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020)) (emphasis added)). Here, the purported injury includes anxiety, stress, loss of sleep, loss of focus, headache/migraine, and increased muscle tension requiring an increase of medication. These injuries, especially the loss of sleep, headache/migraine, and muscle tension (including a medication increase), are concrete and particularized. Friend has presented evidence, uncontradicted by Taylor Law, that shows injury in fact.

The next element of standing is that the injury in fact be fairly traceable to the challenged conduct. The challenged conduct is Taylor Law's alleged continued communication with Friend

---

[1] The Court is aware that the Seventh Circuit Court of Appeals in *Pennell* stated that "allegations matter." 990 F.3d at 1045. Both *Spuhler* and *Pennell* were appealed to the circuit court after decisions on summary judgment. It appears that this statement in *Pennell*, which on first blush seems to contradict *Spuhler*, intends to indicate that an entirely new theory of standing premised on a different category of injury than that presented in the complaint will not be entertained on appeal. *See id.* ("On appeal she cannot broaden her complaint by inserting a new injury."). This reconciliation of the cases is consistent with *Spuhler*'s citation to Federal Rule of Civil Procedure 15(a)(2), which governs the amendment of pleadings at the district court level. This case has not yet reached the appellate stage, so *Spuhler* continues to guide the Court's analysis. Further, the Court resolves the issue of standing in Friend's favor without needing to decide whether it can consider his newly asserted injury through the invasion of his privacy.

after Friend sent a written demand to cease such communication. Regarding Taylor Law's October 6, 2016 letter, records from a medical appointment less than three weeks later on October 26, 2016, report generalized muscle aches and weakness as well as tenderness and trigger points bilaterally in Friend's lower back. (Mot. Dismiss Ex. B at 19, 21, ECF No. 70-1). Friend was started on baclofen and tizanidine at that appointment.[2] *Id.* at 22. Taken as true and combined with Friend's affidavit and deposition testimony, this supports Friend's contention that his injury of increased muscle tension requiring increased medication is fairly traceable to Taylor's letter.

Finally, regarding the third element of standing, Friend's injury can be redressed by the damages he requested in his Amended Complaint.

Accordingly, because Friend has met his burden to show the three elements of standing, the Court denies Taylor Law's motion to dismiss Count I for lack of standing.

The Court has inspected the remaining counts of the Amended Complaint and *sua sponte* raises the question of whether Friend has standing to bring Count IV for an alleged violation of 15 U.S.C. § 1692g by failing to provide the written notice required when a debt collector begins to collect a debt. The Court will provide the parties with an opportunity to brief this issue.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 60(b) [DE 69] and **DENIES** Defendant's Motion to Dismiss Plaintiff's Count I of His Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [DE 70]. The Court **GRANTS** summary judgment in favor of Defendant Taylor Law on Count V and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Taylor Law on Count V.

---

[2] Baclofen and Tizanidine are skeletal muscle relaxants. *Baclofen*, MedlinePlus, https://medlineplus.gov/druginfo/meds/a682530.html (last visited Oct. 27, 2021); *Tizanidine*, MedlinePlus, https://medlineplus.gov/druginfo/meds/a601121.html (last visited Oct. 27, 2021).

Any party wishing to assert that Friend has standing for Count IV of the Amended Complaint may file a brief on the subject by **November 12, 2021**, to which a response and a reply may be filed under the deadlines set by Northern District of Indiana Local Rule 7-1(d)(3). If no brief is filed, the Court will vacate the judgment as to that count only and dismiss it without prejudice for lack of standing.

SO ORDERED on October 27, 2021.

                                           s/ Joseph S. Van Bokkelen
                                           JOSEPH S. VAN BOKKELEN, JUDGE
                                           UNITED STATES DISTRICT COURT