UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSSELL FRIEND, <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR LAW PLLC, <br><br> Defendant. | CAUSE NO.: 4:17-CV-29-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's request for an order compelling the Defendant to provide the Plaintiff with a copy of his deposition. This request was made during the Final Pretrial Conference held on July 22, 2022.[1] *See* ECF No. 124. The Plaintiff argues that Rule 26(b)(3)(C) requires the Defendant to hand over a copy of the Plaintiff's deposition transcript that it obtained from the reporter. Relying on Rule 30(f), the Defendant argues that the Plaintiff can obtain a copy of the deposition from the reporter and that it is not obligated to provide the Plaintiff with a copy free of charge. For the reasons below, the request is DENIED.

As the parties argued, the issue centers on two provisions of the Federal Rules of Civil Procedure. First, Rule 26(b)(3)(C) provides:

> **(C)** *Previous Statement*. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
>
> > **(i)** a written statement that the person has signed or otherwise adopted or approved; or
> >
> > **(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

Fed. R. Civ. P. 26(b)(3)(C). On the other hand, Rule 30(f)(3), states that "[w]hen paid reasonable

---

[1] About a year ago, the Plaintiff filed a motion to compel regarding the same issue. *See* ECF Nos. 86, 87, 89, 90. However, that motion was ultimately withdrawn. *See* ECF Nos. 92, 94.

charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).

Recently, a court in the Eastern District of New York analyzed Rule 26(b)(3)(C) and Rule 30(f)(3) when addressing a similar issue. *See Express Freight Sys. Inc. v. YMB Enters. Inc.*, No. 20 CV 186, 2022 WL 2467176, at *6 (E.D.N.Y. Mar. 29, 2022). The court found that, on its face, nothing in Rule 26(b)(3)(C) "undermines Rule 30(f)(3) which . . . requires that parties pay for their own copies of transcripts." *Id.* It went on to explain that reading Rule 26(b)(3)(C) to require parties to hand over deposition transcripts for free "would invalidate Rule 30(f)(3) and render the Rules inconsistent with each other." *Id.*

The Court adopts that reasoning here and denies the Plaintiff's request. Rule 30 governs depositions and provides the means for a party to obtain a deposition transcript—i.e., the court reporter will provide a copy of a transcript once paid a reasonable charge. *See* Fed. R. Civ. P. 30(f)(3). While Rule 26(b)(3)(C) requires parties to hand over previous statements in certain instances, applying it in the way requested by the Plaintiff would cut court reporters out of the payments they have earned and are entitled to under Rule 30(f)(3). This understanding is also consistent with "[t]he general rule . . . that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court." *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008); *see Watson v. Ohio Ambulance Solutions, LLC*, No. 1:20-cv-802, 2022 WL 2133739, at *3 (S.D. Ohio June 14, 2022) ("Courts have consistently held that a party is not required to provide an opposing party with a free copy of a deposition transcript."). Thus, the Plaintiff can obtain a copy of the transcript from the court reporter.

At the Final Pretrial Conference, the Plaintiff also cited *Stevens v. School City of Hobart*, 306 F.R.D. 609 (N.D. Ind. 2015), but that case does not change the outcome. In *Stevens*, the defendants refused to provide a copy of the plaintiff's deposition transcript under Rule 26(b)(3)(C), arguing that the Plaintiff could buy his own. *Id.* at 610. Although the court acknowledged the sparse caselaw, it ultimately concluded that the plaintiff "made a request under Rule 26(b)(3)(C), and he thus has a right to his deposition transcript regardless of whether he could otherwise obtain it." *Id.* at 611. While the Court understands the Plaintiff's reliance on *Stevens*, it declines to apply its reasoning here. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). The primary reason is because the *Stevens* decision does not address the relationship between Rule 26(b)(3)(C) and Rule 30(f)(3). Since this Court had to directly confront that issue, it concludes that a harmonious reading of those Rules requires the Plaintiff to obtain a copy of the transcript from the court reporter.

Finally, the Court notes that the Plaintiff's request was made during the Final Pretrial Conference and nearly four years after discovery closed. The Plaintiff's decision to wait until the last moment to request a copy of the transcript further justifies the Court's denial of that request. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001).

Accordingly, the Court DENIES the Plaintiff's request for an order compelling the Defendant to provide the Plaintiff with a copy of his deposition.

SO ORDERED on July 25, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT